```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       BLUEFIELD
```

ANGELA DYSON,

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:09-1060

LONG JOHN SILVER'S
RESTAURANTS, INC.[1], et al.,

    Defendants;

and

ANGELA DYSON,

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:09-1352

LONG JOHN SILVER'S
RESTAURANTS, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant Long John Silver's Restaurants, Inc. to dismiss this proceeding, or in the alternative, stay this proceeding and motion to compel arbitration, filed on October 28, 2009. (Doc. # 6). On June 22, 2010, plaintiff filed a response to said motion in which she conceded that this dispute was subject to arbitration based upon the Court's decision in <u>Rent-A-Center, West, Inc. v. Jackson</u>, 2010 WL 2471058 (June 21, 2010). Plaintiff also asked the court

---

[1] According to defendant, it is incorrectly named in the Complaint and the proper name is LJS Restaurants, Inc.

to deny the pending motion to dismiss and, instead, stay the case and grant the motion to compel arbitration.

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration" and provides in pertinent part:

> A written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443-44 (2006); 9 U.S.C. § 2. "The FAA mandates that if parties execute a valid agreement to arbitrate disputes, a federal court must compel arbitration." Sydnor v. Conseco Financial Servicing Corp., 252 F.3d 302, 305 (4th Cir. 2001). A party can compel arbitration under the FAA if it establishes: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute; (3) the relationship of the transaction, as evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of a party to arbitrate the dispute. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005) (internal citations and quotations omitted).

Pursuant to 9 U.S.C. § 3,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

> arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

"This stay-of-litigation provision is mandatory [and] [a] district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview."  Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002).

Based upon the court's review of the record -- including the complaint and the arbitration agreement -- and plaintiff's concession that the case is subject to arbitration, the court is satisfied that the issues involved herein are referable to arbitration.  For this reason, defendant's motion to compel arbitration and stay proceedings is hereby **GRANTED** and this case is **STAYED** until further order of the court.

The Clerk is directed to send copies of this Memorandum Opinion to counsel of record

**IT IS SO ORDERED** this 7th day of July, 2010.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge

3